```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
```

For Online Publication Only

TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE BUILDING
TRADES ANNUITY BENEFIT FUND, BUILDING
TRADES WELFARE BENEFIT FUND, and
BUILDING TRADES PENSION FUND,

**ORDER**
16-CV-3216 (JMA) (AKT)

Plaintiffs,

v.

AMPAK ELECTRICAL SERVICES, INC.,

Defendant.

----------------------------------------------------------------------X

**FILED**
**CLERK**

5/17/2017 10:13 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is plaintiffs' motion for default judgment against defendant Ampak Electrical Services, Inc. After reviewing plaintiffs' motion and the supporting evidence, the Court grants the motion for default judgment and finds the defendant liable in the amount of $29,971.59.

## I. BACKGROUND

Plaintiffs as Trustees of the Building Trades Education Benefit Fund, the Building Trades Annuity Fund, Building Trades Welfare Fund, and Buliding Trades Benefit Fund (the "Funds") filed this suit against defendant to recover unpaid fringe benefit contributions. The suit seeks relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 et seq.

Plaintiffs allege that defendant entered into a collective bargaining agreement (the "CBA") with a union. (Compl. ¶ 10.) According to plaintiffs, the CBA required defendant to

1

pay fringe benefit contributions to the plaintiff Funds. (Id.) Plaintiffs contend that defendant failed to make payments for the periods of Septmeber 1, 2014 through November 30, 2016 and October 1, 2012 through December 31, 2013. (Statement of Damages, Alimenia Aff. Ex. D, ECF No. 12-4.)

Defendant has neither answered nor appeared in this action. In December 2016, plaintiffs obtained a clerk's entry of default against defendant. (ECF No. 9.) In January 2017, plaintiffs served defendant with a motion for default judgment. (ECF No. 15.)

## II. DISCUSSION

### A. Defendants Defaulted

Defendant, who has not responded to the motion, defaulted by failing to appear or defend this action.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in plaintiffs' favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish a defendant's liability as a matter of law. Id.

The allegations in the complaint are sufficient to establish liability as to Ampak Electrical Services, Inc. Plaintiffs allege that defendant entered into the CBA with a union. (Compl. ¶ 10.) The CBA required defendant to make fringe benefit contributions to the Funds. (Id.) Plaintiffs contend that defendant failed to make payments for the periods of Septmeber 1, 2014 through November 30, 2016 and October 1, 2012 through December 31, 2013. (Statement of Damages, Alimenia Aff. Ex. D.) Pursuant to ERISA, defendant is liable for the unpaid contributions. 29 U.S.C. §§ 1132; 1145.

2

**C. Damages**

"[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234. District courts may hold an inquest by affidavit without a hearing so long as the court has "ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111 (quoting Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Pursuant to ERISA and the CBA, defendant is required to pay all unpaid fringe benefit contributions. 29 U.S.C. § 1145. Pursuant to ERISA, plaintiffs are further entitled to interest on the unpaid contributions, the greater of interest on the unpaid contributions or 20% of the amount due as liquidated damages, and reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2).

The affidavit of Albert Alimenia, the affirmation of attorney Thailary Lim, and plaintiffs' statement of damages, and attached documentary evidence support plaintiffs' damages request. (Alimenia Aff., ECF No. 12; Lim Aff., ECF No. 13; Statement of Damages, Alimenia Aff. Ex. D,

3

ECF No. 12.) The Court finds, based on the documentary evidence submitted, that plaintiffs have established the following damages to a reasonable certainty: Defendant is liable for $29,971.59 in damages, comprised of: (1) $21,701.59 for unpaid fringe benefit contributions for the periods of September 1, 2014 through November 30, 2016, and October 1, 2012 through December 31, 2013; (2) $1,169.68 in interest; (3) $4,340.32 in liquidated damages; (4) $2,280.00 in attorney's fees; and (5) $480.00 in costs. With respect to attorney's fees, both the hourly rate sought by plaintiffs' counsel and the time spent are reasonable and supported by contemporaneous time records. See N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983).

### III.  CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against defendant Ampak Electrical Services, Inc. in the amount of $29,971.59.

**SO ORDERED.**

Dated:  May 17, 2017
       Central Islip, New York

                                            /s/     (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE